UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

VASSILIOS MANIOS,

    Plaintiff,

- v -

EVANGELIA MANIOS ZACHARIOU,

    Defendant.

Index No. 14CV4331-LTS



USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: JUL 2 3 2014

**MEMO ENDORSED**

### RESPONSE TO ORDER TO SHOW CAUSE ON WHY PETITION TO VACATE ARBITRATION AWARD ISSUED BY THE INTERNATIONAL CENTER FOR DISPUTE RESOLUTION SHOULD NOT BE DISMISSED FOR LACK OF FEDERAL JURISDICTION

Petitioner Vassilios C. Manios hereby responds to the Court's order of show cause dated July 17, 2014 ordering Petitioner to show cause why the matter should not be dismissed for lack of federal jurisdiction.

### I. FACTS

The salient facts relevant to this Response are:

The Petitioner, Vassilios C. Manios, is a citizen and resident of Greece. (Petition ¶ 6).

The Respondent, Evangelia, Manios Zachariou, is a citizen and resident of Greece. (Petition ¶ 8).

The award at issue was rendered pursuant to a written agreement to arbitrate a commercial dispute in New York. (Petition ¶ 44).

The award was rendered in New York.

### II. LEGAL ARGUMENT

The Convention on the Recognition and Enforcement of Foreign Arbitral Awards (the "New York Convention"), provides:

80276634v1

An arbitration agreement or arbitral award arising out of a legal relationship, whether contractual or not, which is considered as commercial, including a transaction, contract, or agreement described in section 2 of this title, falls under the Convention. An agreement or award arising out of such a relationship which is entirely between citizens of the United States shall be deemed not to fall under the Convention unless that relationship involves property located abroad, envisages performance or enforcement abroad, or has some other reasonable relation with one or more foreign states. For the purpose of this section a corporation is a citizen of the United States if it is incorporated or has its principal place of business in the United States.

9 U.S.C.A. § 202. In this case, both parties are foreign. Accordingly, this is not an agreement or award made "entirely between citizens of the United States." The New York Convention therefore applies.

Although the Federal Arbitration Act, Chapter One, standing alone does not provide for federal jurisdiction, the implementing legislation to the New York Convention does. It provides: "The Convention of the Recognition of Foreign Arbitral Awards of June 10, 1958, shall be enforced in United States courts in accordance with this chapter". 9 U.S.C. § 201.

The Second Circuit Court of Appeals recently confirmed that district courts have jurisdiction over petitions to vacate awards under the New York Convention. In *Scandinavian Reinsurance Co. Ltd. v. Saint Paul Fire & Marine Ins. Co.*, 668 F.3d 60, 71 (2d Cir. 2012), the Petitioner-reinsurance company filed a petition to vacate. The Second Circuit stated:

> The FAA does not 'independently confer subject matter jurisdiction on the federal courts'. Durant, Nichols, Houston, Hodgson & Cortese–Costa, P.C. v. Dupont, 565 F.3d 56, 63 (2d Cir.2009). '[T]here must be an independent basis of jurisdiction before a district court may entertain petitions' to confirm or vacate an award under the FAA. Id. (internal quotation marks). In this case, the district court had subject-matter jurisdiction under 9 U.S.C. § 203, which provides federal jurisdiction over actions to confirm or vacate an arbitral award that is governed by the Convention on the Recognition and Enforcement of Foreign Arbitral Awards (the 'New York Convention'). The New York Convention applies in this case because Scandinavian is a foreign corporation. See 9 U.S.C. § 202.
>
> Because the Award in the St. Paul Arbitration was entered in the United States, however, the domestic provisions of the FAA also apply, as is permitted by Articles V(1)(e) and V(2) of the New York Convention. See *Zeiler v. Deitsch*, 500 F.3d 157, 164 (2d Cir.2007) (describing overlap of New York Convention and the FAA); *Yusuf Ahmed Alghanim & Sons, W.L.L. v. Toys "R" Us, Inc.*, 126 F.3d 15, 19–23 (2d Cir.1997), cert. denied, 522 U.S. 1111, 118 S.Ct. 1042, 140 L.Ed.2d

107 (1998). '[T]he FAA and the New York Convention work in tandem, and they have overlapping coverage to the extent that they do not conflict.' *Sole Resort, S.A. de C.V. v. Allure Resorts Mgmt., LLC*, 450 F.3d 100, 102 n. 1 (2d Cir.2006) (internal quotation marks omitted). Neither party disputes that section 10 of the FAA governs the issues before us on this appeal. See 9 U.S.C. § 10.

*Scandinavian Reinsurance Co. Ltd. v. Saint Paul Fire & Marine Ins. Co.*, 668 F.3d 60, 71 (2d Cir. 2012).

According to Second Circuit precedent, federal courts have subject matter jurisdiction over suits to vacate arbitration awards under the New York Convention, such as the instant matter.

### III. CONCLUSION

This is an action under the New York Convention. Accordingly, it is within this Court's jurisdiction.

Dated: New York, New York
July 22, 2014

Respectfully submitted,

By: _____
John G. Kissane (JK-2200)
WATSON, FARLEY & WILLIAMS
1133 Avenue of the Americas, 11th Flr
New York, NY 10036
Tel: (212) 922-2200
Fax: (212) 922-1512
jkissane@wfw.com

*Based on the foregoing, the Court deems the petition, which did not cite 9 USC § 203 as a basis for jurisdiction, to have been brought pursuant to the jurisdiction conferred by that statute. The July 17, 2014, Order to Show Cause is satisfied.*

**SO ORDERED:**

_____ 7/23/14
HON. LAURA TAYLOR SWAIN
UNITED STATES DISTRICT JUDGE

3