HUGHES HUBBARD & REED LLP
Derek J.T. Adler
One Battery Park Plaza
New York, New York 10004-1482
(212) 837-6000
derek.adler@hugheshubbard.com

*Attorneys for Respondent Evangelia Manios Zachariou*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

VASSILIOS MANIOS,

      Petitioner,

  -vs-

EVANGELIA MANIOS ZACHARIOU,

      Respondent.

---

Index No.: 14-CV-4331 (LTS)


# REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF CROSS-MOTIONS TO CONFIRM AWARD AND GRANT ATTORNEYS' FEES

              HUGHES HUBBARD & REED LLP
              One Battery Park Plaza
              New York, NY 10004
              (212) 837-6000

              *Attorneys for Respondent*
              *Evangelia Manios Zachariou*

64896163

**TABLE OF CONTENTS**

**Page**

I.    THE COURT SHOULD CONFIRM THE ARBITRATION AWARD.............................1

II.    RESPONDENT SHOULD RECOVER HER ATTORNEYS' FEES. ..............................3

        A.    Petitioner And His Counsel Have Acted In Bad Faith. ..........................................4

        B.    Petitioner's Filing Of A Frivolous Petition To Vacate Is Sufficient In And Of Itself To Warrant An Award Of Attorneys' Fees..................................4

CONCLUSION.......................................................................................................................6

64896163

# **TABLE OF AUTHORITIES**

**Page(s)**

**CASES**

*60 E. 80th St. Equities, Inc. v. Sapir (In re 60 E. 80th St. Equities, Inc.)*, 218 F.3d 109 (2d Cir. 2000) ................................................................................................................................5

*DigiTelCom, Ltd. v. Tele2 Sverige AB*, No. 12 Civ. 3082(RJS), 2012 WL 3065345 (S.D.N.Y. July 25, 2012) ........................................................................................................5

*Enmon v. Prospect Capital Corp.*, 675 F.3d 138 (2d Cir. 2012) ..................................................4, 5

*Nadler v. Princess Hotels Int'l, Inc.*, No. 94 Civ. 6986 (PKL), 1996 WL 219639 (S.D.N.Y. Apr. 30, 1996) ........................................................................................................5

*New York v. Operation Rescue Nat'l*, 80 F.3d 64 (2d Cir. 1996) .....................................................4

*Pentagen Technologies Int'l Ltd. v. United States*, 172 F. Supp. 2d 464 (S.D.N.Y. 2001) .....4, 5, 6

*Prospect Capital Corp. v. Enmon*, No. 08 Civ. 3721(LBS), 2010 WL 907956 (S.D.N.Y. Mar. 9, 2010) ..................................................................................................................................5

*United States v. Int'l Bhd. of Teamsters, Chauffeurs, Warehousemen & Helpers of Am., AFL-CIO*, 948 F.2d 1338 (2d Cir. 1991) .................................................................................4

*Zachariou v. Manios*, 68 A.D.3d 539, 891 N.Y.S.2d 54 (1st Dep't 2009) .......................................4

**STATUTES AND RULES**

N.Y. CPLR 5001 ..............................................................................................................................2

I.   **THE COURT SHOULD CONFIRM THE ARBITRATION AWARD.**

As Respondent detailed in her Opening Memorandum,[1,2] an international arbitration award should be confirmed unless the party opposing enforcement carries the heavy burden of showing that one of the limited statutory grounds for non-enforcement under the New York Convention is present.[3]  Petitioner does not purport to identify any such ground.  To the extent Petitioner is implicitly relying on the same arguments to oppose Respondent's Cross-Motion as he relied on in support of his Petition to Vacate, his arguments fail for the reasons set forth in Respondent's Opening Memorandum.  Insofar as he makes several new arguments, these fail for the following reasons:

Petitioner argues that the assertion in his pleadings of "counterclaims" to recover the sums he paid to remove mortgages from the Decana building should be considered demands for a "U.S. Company Distribution" even though he never characterized them as such.  (Opposition Mem. at 1-2.)[4]  The fact remains that in five days of hearings, and in voluminous pre- and post-hearing briefs and supporting papers, Petitioner never once referred to the contractual formula for calculating a U.S. Company Distribution, let alone submit evidence showing that he was entitled to such a distribution.  Petitioner's suggestion that the Tribunal was required to

---

1. Respondent's September 30, 2014 Memorandum of Law in Opposition to Petition to Vacate Arbitration Award And in Support of Cross-Motions to Confirm Award And Grant Attorneys' Fees is referred to herein as Respondent's "Opening Memorandum" or "Cross-Motion."

2. Defined terms used herein have the same meanings as in the Opening Memorandum and/or the accompanying Declaration of Derek J.T. Adler, executed on September 30, 2014.

3. (Opening Mem. at 21.)

4. Petitioner's October 17, 2014 Reply to Opposition to Petition to Vacate Arbitration Award and Opposition to Respondent's Cross-Motion for Sanctions and to Confirm Award is referred to herein as Petitioner's "Opposition Memorandum."

1

undertake a broad accounting exercise that no party asked it to undertake, and offer conclusions about matters no party put before it, is simply preposterous. In any event, for the reasons set forth in Respondent's Opening Memorandum, Petitioner's counterclaims plainly did not come within the definition of <u>any</u> distribution to be awarded under the U.S. Agreement. Nor indeed would these counterclaims have been encompassed in the report of the auditors, since none of them was paid within the relevant period.[5]

Respondent does not, as Petitioner suggests (Opposition Mem. at 4), concede that the expenses Petitioner claims would, under any circumstances, be properly recoverable from her. Petitioner did not bargain for or obtain a right to post-closing adjustments in relation to pre-existing liabilities of the companies he purchased pursuant to the London Agreement, other than as expressly set forth in the U.S. Agreement. In particular, his payment of some $7 million to remove liens that had been placed on the properties during the period when they had been under his own control is not encompassed within the U.S. Agreement and is not something he bargained for. In any event, such a claim clearly pertains to the consideration paid under the London Agreement and must therefore be litigated in Greece.

Petitioner does not and could not dispute that he told the Tribunal it had discretion to award interest. Instead he points to arguments he made about whether N.Y. CPLR 5001 was applicable with respect to the rate that should be used. But a review of the Final Award shows that the Tribunal expressly declined to rely on this provision in determining the rate. (*See* Final Award, Kissane Dec. Ex. 3 at 17.) Nor, indeed, did the Tribunal treat interest as being applied in

---

5. (U.S. Agreement, Kissane Dec. Ex. 5 ¶ 5 (auditor only required to report on expenses that were "incurred <u>and</u> <u>paid</u>" prior to date of London Agreement) (emphasis added).) Not only were the sums Petitioner claims paid long after the date of the London Agreement, they were paid long after the one year period when the auditor would have completed its report, assuming Petitioner had provided the relevant information.

relation to an award of damages, as Petitioner suggests. Rather, it found that interest should properly be included in its determination of the actual amount of the Party Distribution under the U.S. Agreement. (*Id.* at 19-20.)

Petitioner does not respond to Respondent's showing that, far from disregarding the law, the Tribunal applied familiar and common legal definitions in its construction of the word "received" in the U.S. Agreement. Instead he suggests that the Tribunal improperly relied on the report of Respondent's accounting expert in determining that Petitioner should be considered to have received funds that were transferred to his agent, Contogouris. But it was made absolutely clear, in the report and in the very questioning to which Petitioner points, that the accountant's function was to compile and add up the funds that, as shown by voluminous other evidence in the record, were transferred from the U.S. Companies to Contogouris for Petitioner's benefit. (*See* Stephanie Giammarco Arbitration Hearing Testimony Excerpt, Kissane Supp. Dec. Ex. 12 at 430-35; Adler Dec. ¶¶ 72-73; Expert Report of Stephanie Giammarco, dated October 1, 2012, Adler Dec. Ex. L.)

## II.     RESPONDENT SHOULD RECOVER HER ATTORNEYS' FEES.

Petitioner opposes Respondent's Cross-Motion for an award of fees by arguing that (i) he has not acted in bad faith, and (ii) Respondent will not suffer any prejudice from the delay caused by his frivolous motion. But Petitioner's actions include undisputed instances and indications of bad faith, including making misrepresentations to this Court. Furthermore, the making of a completely meritless motion is in itself sufficient to show bad faith and support the imposition of sanctions. Sanctions are warranted, even where the delay has been minimal, in order to deter the routine filing of meritless motions to vacate arbitral awards. In addition, it is unfair to make the successful party in an arbitration bear the significant costs of opposing a frivolous motion.

### A. Petitioner And His Counsel Have Acted In Bad Faith.

Petitioner's Amended Petition to Vacate and supporting documents are riddled with indicia of bad faith, including the making of arguments that he not only failed to make below but that are directly contrary to his submissions to the Tribunal, as well as numerous misrepresentations of the record in these proceedings. (*See* Adler Dec. ¶¶ 118-23.) In opposing the Cross-Motion, Petitioner has only added to his misrepresentations. For example, Petitioner again misrepresents the Appellate Division's decision by stating that "[t]he Appellate Division recognized that Zachariou had included claims that went beyond the power of the arbitrators to decide . . . ." (Opposition Mem. at 10.) In fact, the Appellate Division expressly found that Respondent's claims were within the scope of the arbitration clause, which is why the Court denied Petitioner's motion to stay the arbitration. *See Zachariou v. Manios*, 68 A.D.3d 539, 540, 891 N.Y.S.2d 54, 56 (1st Dep't 2009) (Kissane Dec. Ex. 1).

### B. Petitioner's Filing Of A Frivolous Petition To Vacate Is Sufficient In And Of Itself To Warrant An Award Of Attorneys' Fees.

Contrary to Petitioner's contention (Opposition at 12), under Second Circuit case law, lack of merit and frivolity of a motion are in themselves sufficient to support a finding of bad faith. Bad faith "can be inferred when the attorney's actions are so completely without merit as to require the conclusion that they must have been undertaken for some improper purpose such as delay.'" *New York v. Operation Rescue Nat'l*, 80 F.3d 64, 72 (2d Cir. 1996) (citing *United States v. Int'l Bhd. of Teamsters, Chauffeurs, Warehousemen & Helpers of Am., AFL-CIO*, 948 F.2d 1338, 1345 (2d Cir. 1991)); *see also Pentagen Technologies Int'l Ltd. v. United States*, 172 F. Supp. 2d 464, 473 (S.D.N.Y. 2001) (bad faith can be inferred when an attorney's actions are "'so completely without merit as to require the conclusion that they must have been undertaken for some improper purpose such as delay.'"), *aff'd*, 63 F. App'x 548 (2d Cir. 2003); *Enmon v.*

4

*Prospect Capital Corp.*, 675 F.3d 138, 143 (2d Cir. 2012)  (Bad faith can be inferred if actions are "so completely without merit as to require the conclusion that they must have been undertaken for some improper purpose such as delay."); *60 E. 80th St. Equities, Inc. v. Sapir (In re 60 E. 80th St. Equities, Inc.)*, 218 F.3d 109, 116 (2d Cir. 2000) ("bad faith may be inferred where the action is completely without merit"); *Prospect Capital Corp. v. Enmon*, No. 08 Civ. 3721(LBS), 2010 WL 907956, at *7 (S.D.N.Y. Mar. 9, 2010) ("pursuit of frivolous claims has been found to establish bad faith") (citing *Pentagen*, 172 F. Supp. 2d at 473-74), *aff'd*, 675 F.3d 138 (2d Cir. 2012);  *Nadler v. Princess Hotels Int'l, Inc.*, No. 94 Civ. 6986 (PKL), 1996 WL 219639, at *3 (S.D.N.Y. Apr. 30, 1996) ("when a person's actions are so completely without merit as to require the conclusion that they must have been undertaken for some improper purpose such as delay, the Court may impose sanctions"), *aff'd sub nom. Nadler v. Bigham Englar Jones & Houston*, 129 F.3d 114 (2d Cir. 1997).

      Petitioner's conduct exhibits the lack of merit and frivolousness that have been found to support an inference of bad faith.  As detailed in Respondent's Opening Memorandum, Petitioner's motion to vacate is nothing more than an impermissible attack on the Tribunal's contractual interpretation and factual findings.  (*See* Opening Mem. at 22-25; *see also* Adler Dec. ¶¶ 118-23.)  Petitioner's arguments are so obviously lacking in merit under the law of this Circuit that they clearly support an inference of bad faith.  *See DigiTelCom, Ltd. v. Tele2 Sverige AB*, No. 12 Civ. 3082(RJS), 2012 WL 3065345, at *7 (S.D.N.Y. July 25, 2012) (bad faith found because "repeated challenge of the Tribunal's fact-finding and contractual interpretation," and "[f]ailure to cite any particular principle of law that the Tribunal was supposed to have ignored" served only to cause a delay and unnecessary expenses); *Pentagen*, 172 F. Supp. 2d at 473-74

5

(bad faith found where counsel engaged in "frivolous and repetitive" attempts to evade prior rulings in the proceeding).

## CONCLUSION

For the reasons stated above and in the Opening Memorandum, Respondent respectfully submits that the Court should deny the Petition and grant the Cross-Motion.

Dated:  New York, New York
        October 24, 2014

Respectfully submitted,

HUGHES HUBBARD & REED LLP

/s/ Derek J.T. Adler
Derek J.T. Adler
Amina Hassan
Miles D. Orton

One Battery Park Plaza
New York, NY 10004
(212) 837-6000

derek.adler@hugheshubbard.com

*Attorneys for Respondent*
*Evangelia Manios Zachariou*